

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# USA v. Concepcion

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Concepcion" (2005). *2005 Decisions*. Paper 317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2422
_____

UNITED STATES OF AMERICA

v.

ALEXIS CONCEPCION,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00488)
District Judge:  Honorable Ronald L. Buckwalter

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2005

Before:  SLOVITER, FISHER and GREENBERG, *Circuit Judges*.

(Filed:  October 31, 2005)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

I.

Appellant Alexis Concepcion challenges the legality of his sentence under *United*

*States v. Booker*, 125 S. Ct. 738 (2005).  Because our decision in *United States v. Davis*,

407 F.3d 162 (3d Cir. 2005), controls this case, we will vacate Appellant's sentence and remand to the District Court for resentencing.

## II.

As we write only for the parties, who are familiar with the underlying facts, we shall set out only those facts necessary to our analysis. On January 6, 2003, Appellant pled guilty to a four-count indictment charging the following crimes: possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon.

On January 4, 2005, Appellant's attorney moved to withdraw from the case, and on January 18, 2005, the attorney filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), stating that upon review of the case he could identify no non-frivolous grounds for appeal.[1] On March 11, 2005, Appellant was given thirty days to file an

---

[1]We deem it worthy of note that *Booker* was argued on October 4, 2004, and the decision was issued on January 12, 2005, a full week before counsel submitted his *Anders* brief in this case. The decision was reported widely in the news media. Although it is possible that the brief had been completed before January 12, we are still somewhat troubled by counsel's conclusion that a challenge to the legality of the sentence would be frivolous because "[t]he district court lacked the authority to impose a lower sentence" than the mandated Guidelines range. (App. Br. at 13.) To be sure, as of January 18, we had not yet decided *Davis*, and thus had not yet applied *Booker* to pending appeals in this Circuit. Nonetheless, on January 18, *Booker* was the law, and *Blakely v. Washington*, 542 U.S. 296 (2004), had been the law for almost six months, during which time several Courts of Appeals had held its ruling to apply in at least some respects to the Federal Sentencing Guidelines. *See*, *e.g.*, *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004); *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). We have held that in filing an

informal *pro se* brief, and on March 24, 2005, Appellant filed an informal brief challenging the legality of his sentence under *Booker*.

III.

In *Davis*, this Court decided to remand for resentencing all cases pending on direct review when *Booker* was decided in which the defendant was sentenced under the mandatory Guidelines regime. *Davis*, 407 F.3d 162 at 165. We explained that

> [b]ecause the sentencing calculus was governed by a Guidelines framework erroneously believed to be mandatory, the outcome of each sentencing hearing conducted under this framework was necessarily affected. Although plain error jurisprudence generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context – where mandatory sentencing was governed by an erroneous scheme – prejudice can be presumed.

*Id.*

Appellant was sentenced under the mandatory Guidelines regime, and he did not waive his right to appeal the legality of his sentence. *Cf. United States v. Lockett*, 406 F.3d 207, 212-14 (3d Cir. 2005) (holding that a defendant who executed an appellate waiver as part of his plea agreement is not entitled to resentencing in light of *Booker*). The District Court advised Appellant of his appellate rights as follows:

---

*Anders* brief, counsel attests that he has "thoroughly scoured the record in search of appealable issues." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We think it not outside the range of reasonably competent representation for counsel to have recognized that *Booker* might well create non-frivolous issues for appeal in this case. We do not expect clairvoyance about future changes in the law, merely timely recognition of those changes that have occurred before a brief is filed.

> I also remind you that when you enter a plea of guilty like you have done here today, the only direct appeal rights you have are from the validity of this proceeding that is going on right now, this entering of the plea, and the legality of the sentence that I impose.

Plea Hearing Tr. at 17, Jan. 6, 2003.  Because Appellant's appeal is not barred under

*Lockett*, we are bound under *Davis* to remand for resentencing.  Accordingly, we will

vacate Appellant's sentence and remand for resentencing in light of *Booker*.